UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD LEAF,<br><br>    Plaintiff,<br><br>v.<br><br>ROMAN BISTRO,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Ronald Leaf, by and through his attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213.

### II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") on April 10, 2017 under charge number 533-2017-00823. *See Exhibit 1*.

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on January 29, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6. Plaintiff, Ronald Leaf, is an adult individual who currently resides at 234 Oakwell Drive, Walnut, California 91789. At the time of the incident, Plaintiff resided at 424 Roberts Road, Pittsburgh, Allegheny County, Pennsylvania 15239.

7. Defendant, Roman Bistro, is a restaurant located at 2104 Ardmore Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15221.

### IV. Facts

8. Plaintiff was hired by Defendant in November of 2013, as the Executive Chef.

9. Plaintiff worked one hundred (100) hours per week for Defendant.

10. Plaintiff suffers from diabetes.

11. In November of 2015, while Plaintiff was at work, he was rushed to the hospital because he had gone into shock due to his diabetes.

12. As a result of his diabetes, Plaintiff developed a bone infection in his foot which required surgery.

13. The recover period following the surgery requires thirty (30) days of rest.

14. Plaintiff requested a thirty (30) day leave with Defendant's owner, Michael Roman, so that he could properly heal from his surgery. Mr. Roman ignored his requested.

15. Since his request was ignored, Plaintiff returned to work six (6) days after his surgery.

16. In June of 2016, Plaintiff began to feel ill while at work, so he sought medical attention.

17. As a result of not fully recovering from his surgery, Plaintiff's had developed a second infection, thus causing his foot to require a second surgery.

18. While in the emergency room, Plaintiff asked the medical staff to postpone the surgery for one (1) day so that he may get in touch with Mr. Roman and request the necessary time off for this second surgery.

19. Plaintiff requested to either take time off for the surgery or get an accommodation to limit the hours per week so that he could recover.

20. Mr. Roman rolled his eyes and dismissed his request, thus Plaintiff returned to work one (1) day following his surgery.

21. In September of 2016, Plaintiff required foot surgery for a third time as the infection kept returning since he was never permitted by Mr. Roman to take the appropriate time off.

22. Plaintiff repeatedly asked Mr. Roman to take time off to recover fully from this surgery and each time Mr. Roman would laugh and tell him to "stop joking."

23. Five (5) days after the surgery, Plaintiff was still in the hospital, when Mr. Roman called him to ask why he had not reported to work.

24. Plaintiff informed Mr. Roman that he was still in the hospital and that he needed to take the necessary thirty (30) day leave to ensure a full recovery so as to not have to undergo an additional and unnecessary fourth (4) foot surgery.

25. Plaintiff did not hear from Defendant until he had returned to work, after fully recovering from his surgery.

26. Upon his return, Plaintiff requested a reasonable accommodation in the form of a reduction of hours from one hundred (100) to fifty (50) per week.

27. Mr. Roman refused to accommodate Plaintiff and retain him as Executive Chef.

28. Instead, Mr. Roman offered Plaintiff an hourly cook position, which he declined because the position would require more standing than his previous position.

## V. Causes of Action

### COUNT I

### Termination in Violation of the ADA and the PHRA

29. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

30. Defendant constitutes an "employer" within the meaning of the ADA and the PHRA.

31. Plaintiff was an employee with a disability within the meaning of the ADA and the PHRA following his surgeries in November of 2015, June of 2016, and September of 2016, at least through the date he was terminated.

32. Defendant was notified of, and fully aware of, Plaintiff's disability at all times relevant hereto.

33. After Plaintiff's most recent surgery and while Plaintiff was still in the hospital recovering, Mr. Roman called him to ask why he had not reported to work.

34. Plaintiff informed Defendant that he needed to take the necessary thirty (30) day leave to ensure a full recovery so as to not have to undergo an additional and unnecessary fourth (4) foot surgery.

35. Plaintiff did not hear from Defendant until he had returned to work, after fully recovering from his surgery.

36. Upon his return, Plaintiff requested a reasonable accommodation in the form of a reduction of hours from one hundred (100) to fifty (50) per week.

37. Mr. Roman refused to accommodate Plaintiff and retain him as Executive Chef.

38. Instead, Mr. Roman offered Plaintiff an hourly cook position, which he declined because the position would require more standing than his previous position.

39. Defendant terminated Plaintiff, in whole or in part, because of his disability.

40. Plaintiff's unlawful termination is an adverse employment action.

41. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

42. Defendant's acts and omissions violated the ADA and the PHRA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT II

### Failure to Accommodate in Violation of the ADA and the PHRA

43. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

44. Defendant constitutes an "employer" within the meaning of the ADA and the PHRA.

45. Plaintiff was an employee with a disability within the meaning of the ADA and the PHRA following his surgeries in November of 2015, June of 2016, and September of 2016, at least through the date he was terminated.

46. Plaintiff was able to perform the essential functions of his job with Defendant with a reasonable accommodation in the form of reasonable leave while he was receiving medical care for, and recovering from, the surgery required following his diabetes related bone infection.

47. Despite providing supporting medical documentation, Defendant refused Plaintiff's requests for time off to recover from the infection and subsequent surgeries.

48. Plaintiff repeatedly asked Mr. Roman to take time off to recover fully from this surgery and each time Mr. Roman would laugh and tell him to "stop joking."

49. Upon his return, Plaintiff requested a reasonable accommodation in the form of a reduction of hours from one hundred (100) to fifty (50) per week.

50. Mr. Roman refused to accommodate Plaintiff and retain him as Executive Chef.

51. Instead, Mr. Roman offered Plaintiff an hourly cook position, which he declined because the position would require more standing than his previous position.

52. Defendant was fully aware of Plaintiff's disability following the bone infection and yet Defendant still refused to provide any accommodations to Plaintiff.

53. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

54. Defendant's acts and omissions violated the ADA and the PHRA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the

court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT III

**Refusal to Accommodate in Violation of the ADA and PHRA**

55. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

56. Despite notifying Defendant of his disability following the multiple surgeries which occurred on or about November of 2015, June of 2016, and September of 2016, and despite the fact that Plaintiff provided supporting medical documentation to Defendant, nonetheless, Defendant unlawfully failed to engage in the interactive process with Plaintiff to determine what reasonable and necessary accommodations he was entitled to.

57. Defendant was fully aware of Plaintiff's disability following the initial foot surgery, and yet Defendant still refused to engage in the interactive process with Plaintiff.

58. Plaintiff repeatedly asked Mr. Roman to take time off to recover fully from this surgery and each time Mr. Roman would laugh and tell him to "stop joking."

59. Upon his return, Plaintiff requested a reasonable accommodation in the form of a reduction of hours from one hundred (100) to fifty (50) per week.

60. Mr. Roman refused to accommodate Plaintiff and retain him as Executive Chef.

61. Instead, Mr. Roman offered Plaintiff an hourly cook position, which he declined because the position would require more standing than his previous position.

62. Defendant was fully aware of Plaintiff's disability following the bone infection and yet Defendant still refused to provide any accommodations to Plaintiff.

63. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

64. Defendant's acts and omissions constitute an illegal failure to engage in the interactive process, in violation of the ADA and the PHRA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
PA ID: 314380
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0237 Fax
sr@lawkm.com